GEORGE FREITAG, DEBBIE FREITAG, AN INFANT BY HER GUARDIAN AD LITEM, ELIZABETH FREITAG, AND ELIZABETH FREITAG, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. THE COUNTY OF MORRIS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 12, 1981—Decided January 27, 1981.

Before Judges SEIDMAN, ANTELL and LANE.

*Richard P. Blender* argued the cause for appellants (*Richard P. Blender*, attorney for appellant George Freitag; *Harry R. Howard*, attorney for appellants Debbie Freitag and Elizabeth Freitag).

*John B. Lavecchia* argued the cause for respondent (*Connell, Foley & Geiser* attorneys; *John B. Lavecchia* on the brief).

PER CURIAM.

This personal injury action arises out of an accident which occurred when plaintiffs George and Debbie Freitag were tobogganing on property owned by Morris County. They appealed from a summary judgment in favor of defendant entered on the ground that the action was barred either by the Tort Claims Act (*N.J.S.A.* 59:1–1 *et seq.*) or the Landowner's Liability Act (*N.J. S.A.* 2A:42A–2 *et seq.*).

In 1960 the Morris County Park Commission acquired a 416 acre tract of land known as the Flanders Valley Recreational Area. About 200 acres are devoted to a golf course, with the remaining 216 acres consisting primarily of woodland and open fields. The hill on which plaintiffs were tobogganing is in the undeveloped portion of the property, several hundred yards from the golf course. The New Jersey Central Power and Light Company has an easement over this portion of the property, apparently for the purpose of maintaining utility lines. The hill had been cleared of timber and brush before the county acquired the property.

The accident occurred on January 23, 1977, while George, his daughter Debbie and his son Jeff were tobogganing down the hill. The toboggan went out of control and struck a large rock on the right edge of the sledding hill, as a result of which George and Debbie sustained personal injuries.

In support of its motion for summary judgment, defendant claimed immunity under *N.J.S.A.* 59:4–8, contending that the injury was caused by "a condition of any unimproved public property." On appeal plaintiffs maintain, as they did below, that *N.J.S.A.* 59:4–8 grants immunity only when an injury is caused by a natural, as distinguished from an artificial, condition of the land. They argue that since the row of rocks on the right side of the sledding hill had probably been placed there when the Jersey Central Power and Light Company cleared the hill the condition of the property was not a natural one and thus *N.J.S.A.* 59:4–8 did not immunize defendant.

*N.J.S.A.* 59:4–8 provides:

Neither a public entity nor a public employee is liable for an injury caused by a condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river or beach.

A related provision, *N.J.S.A.* 59:4–9, provides immunity for injury caused by a condition of unimproved portions of rivers, streams, tidelands and the like. The comment to these statutes, taken from the *Report of the Attorney General's Task Force on Sovereign Immunity* (May 1972), states the underlying rationale as follows:

Sections 59:4–8 and 59:4–9 reflect the policy determination that it is desirable to permit the members of the public to use public property in its natural condition and that the burdens and expenses of putting such property in a safe condition as well as the expense of defending claims for injuries would probably cause many public entities to close such areas to public use. In view of the limited funds available for the acquisition and improvement of property for recreational purposes, it is not unreasonable to expect persons who voluntarily use unimproved public property to assume the risk of injuries arising therefrom as part of the price to be paid for benefits received. A similar statutory approach was taken by the California Legislature. Cal.Gov't Code § 831.2, § 831.4, and § 831.6

The State of New Jersey possesses thousands of acres of land set aside for the specific purpose of recreation and enjoyment. The Division of Fish, Game and Shell Fisheries has 127,000 acres, the Division of Parks and Forests 280,500 acres, the Division of Water Resources 7,600 acres and the Division of Marine Police has estimated upwards of 500,000 acres including all of the land in New Jersey now or formally [*sic*] flowed by the tides. The exposure of hazard and risk involved is readily apparent when considering all the recreational and conservation uses made by the public generally of the foregoing acreages, both land and water oriented. Thus, in sections 59:4–8 and 59:4–9 a public entity is provided an absolute immunity irrespective of whether a particular condition is a dangerous one.

In addition it is intended under those sections that the term unimproved public property should be liberally construed and determined by comparing the nature and extent of the improvement with the nature and extent of the land. Certain improvements may be desirable and public entities should not be unreasonably deterred from making them by the threat of tort liability.

In contending that immunity applies only when the injury is caused by a natural condition of unimproved property, plaintiffs rely on *Diodato v. Camden County Park Commission,* 162 *N.J. Super.* 275 (Law Div.1978), and *Kleinke v. City of Ocean City,* 163 *N.J.Super.* 424 (Law Div.1978). In *Diodato,* plaintiff, who was attending an outing at the Cooper River Park, sustained injury when he dove into the river and struck a submerged oil

drum intended for use as a trash barrel. The trial court held that the public entity was not entitled to summary judgment under *N.J.S.A.* 59:4–8 because the trash barrel was not a natural condition of the land. The court rejected defendant's argument that the statute covered all conditions on unimproved public property. Rather, reasoned the court, the Legislature did not intend *N.J.S.A.* 59:4–8 to apply to the "superimposition of an artificially created hazard" on unimproved property. 162 *N.J. Super.* at 289. In *Kleinke v. City of Ocean City, supra,* which involved a swimmer struck and injured by a person engaged in body surfing, the court adopted the *Diodato* reasoning in holding that a body surfer riding a wave would constitute an artificially created hazard.

In reaching its result the *Diodato* court relied on interpretations of California's immunity statute, upon which our own Tort Claims Act is modeled. See *Burg v. State,* 147 *N.J.Super.* 316 (App.Div.1977), certif. den. 75 *N.J.* 11 (1977). However, the California equivalent of *N.J.S.A.* 59:4–8 confers immunity only when an injury is caused by a "natural condition of any unimproved public property." *Cal.Gov't Code,* § 831.2 (West). Notably, *N.J.S.A.* 59:4–8 extends immunity for an injury caused by *any* condition of unimproved public property.

We are of the view that the test to be applied in determining the applicability of *N.J.S.A.* 59:4–8 is whether the property is unimproved. Whether the injury was caused by a natural or "artificial" hazard would be relevant only insofar as it aids the court in determining the nature of the property. This approach more realistically implements the Legislature's intention to encourage public entities to permit citizens to use unimproved public property by immunizing the public entity from tort liability. A public entity should not have to expend tax money to make unimproved property safe, even if such property has dangerous artificial conditions. Liability might attach if the public entity decides to improve the property, the rationale being that once substantial sums are expended to improve

property it is not unreasonable to require the expenditure of lesser sums for safe maintenance, including the removal of hazardous artificial or natural conditions.

We are satisfied that the sledding hill in question is unimproved public property, and thus defendant is immune from liability under *N.J.S.A.* 59:4–8. The phrase "unimproved public property" should be liberally construed. Comment to *N.J.S.A.* 59:4–8 & 9. We do not consider the sledding hill to be improved land simply because it was once cleared by New Jersey Central Power and Light Company. See *Rendak v. State*, 18 *Cal.App.*3d 286, 95 *Cal.Rptr.* 665 (Ct.App.1971). In this case defendant did not improve the land and has not maintained it.

In view of our disposition of the case we need not and do not decide whether defendant is immune under the Landowner's Liability Act.

The judgment is affirmed.